UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KELLY M. DILLARD,

    Plaintiff,

v.

OPPORTUNITY FINANCIAL, LLC,

    Defendant.

Case No. 5:20-cv-00165

## COMPLAINT

**NOW COMES** Plaintiff, KELLY M. DILLARD, through undersigned counsel, complaining of Defendant, OPPORTUNITY FINANCIAL, LLC as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for invasion of privacy and Defendant's violation(s) the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. KELLY M. DILLARD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lubbock, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. OPPORTUNITY FINANCIAL, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

9. Defendant has its principal place of business at 130 East Randolph Street, Suite 3400, Chicago, Illinois 60601.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7851.

13. At all times relevant, Plaintiff's number ending in 7851 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. On January 6, 2020, Plaintiff's husband, Michael Dillard, borrowed $1,300.00 from Defendant.

16. In doing so, Michael agreed to pay Defendant a CAB fee of $659.34, which is based upon a 189.00% APR on the amount financed, payable in 11 bi-weekly payments of $166.19, and one final payment of $166.19.

17. As result of financial hardship, Michael did not pay.

18. Before long, Defendant started placing phone calls to Plaintiff seeking payment on Michael's loan balance.

19. Plaintiff did not provide Defendant with her cellular telephone number, and did not provide prior express consent to call her cellular telephone number via an autodialer and/or prerecorded message.

20. On February 17, 2020 as well as February 18, 2020, Plaintiff answered these calls and verbally requested Defendant's phone calls cease.

21. Each time Plaintiff answered Defendant's collection calls, Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

22. Despite Plaintiff's multiple requests that Defendant's collection calls cease, Plaintiff continues to receive phone calls/text messages from numbers leading back to Defendant – including, (855) 408-5000.

23. In total, Plaintiff received at least 50 calls following Plaintiff's February 17, 2020 request that Defendant's collection calls cease.

24. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

25. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss

of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

## COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Defendants placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. Upon information and belief, based on the three-second pause Plaintiff experienced upon answering Defendant's collection phone calls, Defendant employed an ATDS to place calls to Plaintiff.

31. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

32. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

33. As pled above, at no time did Plaintiff provide Defendant with her cellular telephone number, and did not provide prior express consent to call her cellular telephone number via an autodialer and/or prerecorded message.

34. As pled above, Plaintiff verbally requested that Defendant's collection calls cease on February 17, 2020 and February 18, 2020.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

36. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

37. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

38. Upon information and belief, Defendant knew that its collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

39. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation(s) of Tex. Fin. Code Ann § 392.302

42.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

    (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

43.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that these phone calls stop.

44.     Defendant's incessant phone calls were made with the intent to harass Plaintiff.

45.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)     A person may sue for:

    (1)     injunctive relief to prevent or restrain a violation of this chapter; and

    (2)     actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.     an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    D.    an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

    E.    an award of such other relief as this Court deems just and proper.

## COUNT III
### Invasion of Privacy

46.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Under Texas law, there does exist a common-law right to privacy. *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973); *Farrington v. Sysco Food Services, Inc.*, 865 S.W.2d 247, 253 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

48.    There are three elements to consider: (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Farrington*, 865 S.W.2d at 253; *Gill v. Snow*, 644 S.W.2d 222, 223-24 (Tex. App.--Fort Worth 1982, no writ); RESTATEMENT (SECOND) OF TORTS, § 652B (1977).

49.    Courts have also required that the intrusion be unreasonable, unjustified, or unwarranted. *Billings*, 489 S.W.2d at 860; *Farrington*, 865 S.W.2d at 253.

50.    Plaintiff asked Defendant to stop calling her on multiple occasions.

51.    The calls, however, did not stop.

52.    That Defendant continued to make phone calls after Plaintiff requested that they stop is an intentional intrusion of Plaintiff's privacy.

53. Furthermore, the nature and frequency of the calls establishes the second two elements of the cause of action.

54. Receipt of phone calls after requests to stop is sufficient to constitute an intrusion upon Plaintiff's seclusion, solitude, or private affairs which would be highly offensive to a reasonable person.

55. No doubt exists that harassing phone calls are overt, unlawful acts.

56. They are overt, unlawful acts for at least two reasons.

57. First they are unwarranted invasions of the right of privacy which constitutes a legal injury for which a remedy exists. *See Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973).

58. They constitute an intrusion upon a person's seclusion or solitude and, therefore, invade privacy. *See National Bonding Agency v. Demeson*, 648 S.W.2d 748, 749 (Tex.App.—Dallas 1983, no writ). *See generally* W. Page Keeton, Prosser and Keeton on the Law of Torts § 117 (5th ed.1984) (persistent and unwanted telephone calls have been held to be invasions of privacy).

59. Second, they cause the telephone of another to ring repeatedly or are repeated anonymous telephone communications made in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass or offend another in violation of TEX. PENAL CODE ANN. § 42.07(a)(4) (Vernon Supp.1985).

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

    D.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 16, 2020                    Respectfully submitted,

**KELLY M. DILLARD**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com